IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO:

SUNTRUST INVESTMENT
SERVICES, INC., f/k/a SunTrust
Securities, Inc., a Georgia corporation,

          Plaintiff,

v.

DAVID JARRETT, individually,

          Defendant.

_____/

## SUNTRUST INVESTMENT SERVICES, INC.' S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION *AND FEDERAL RULE 65 CERTIFICATION*

1.     Plaintiff, SUNTRUST INVESTMENT SERVICES, INC. f/k/a SunTrust Securities, Inc. ("SUNTRUST") respectfully moves this Court for a Temporary Restraining Order and a Preliminary Injunction pursuant to Rule 65, Fed.R.Civ.P.

2.     SUNTRUST has filed a Complaint with the Court and supporting Affidavits of Ryan Shim, Paula Sanagustin and David Codella, and Declaration of SunTrust customer "T.S." all of which are incorporated herein and made a part hereof by reference.

3.     Under Rule 13804 of the FINRA Code of Arbitration Procedure (formerly Rule 10335 of the NASD Code of Arbitration Procedure), SUNTRUST has the express right to seek temporary injunctive relief from a court of competent jurisdiction pending an expedited arbitration hearing before a full panel of duly-appointed arbitrators. *See, e.g., American Express Financial Advisors v. Makarewicz*, 122 F.3d 936 (11th Cir. 1997).

4.     As stated in SUNTRUST's Complaint and the Affidavit of Ryan Shim, Defendant, DAVID JARRETT ( "JARRETT") has converted, and continues to convert SUNTRUST's trade

secret and confidential information and has violated the express provisions of his SUNTRUST Nonsolicitation and Confidentiality Agreement (the "Agreement") by soliciting SUNTRUST customers and employees to leave SUNTRUST.

5.      The importance of immediate injunctive relief in cases involving solicitation in circumstances such as those now presented to this Court has been specifically addressed and emphasized by the Florida Supreme Court which has stated:

> Immediate injunctive relief is the essence of [non-competition] suits and often times the *only effectual* relief. It can truly be said in this type of litigation that relief delayed is relief denied.

*Capraro v. Lanier Business Products, Inc.,* 466 So.2d 212, 213 (Fla. 1985)(emphasis added); *Merrill Lynch v. Hagerty,* 808 F. Supp. 1555, 1558 (S.D. Fla. 1992) (quoting *Capraro*), *aff'd,* 2 F.3d 405 (11th Cir. 1993).

6.      Likewise, in *Merrill Lynch v. Bradley,* 756 F.2d 1049 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit held that immediate injunctive relief is necessary to avoid irreparable harm and to maintain the status quo: "An injunction even a few days after solicitation has begun is unsatisfactory because the damage is done. The customers cannot be 'unsolicited.'" *Id.* at 1054 (Emphasis added). *See also FMC Corp. v. Varco, Inc.,* 677 F.2d 500, 504 (5th Cir. 1982).

7.      For the reasons stated in SUNTRUST's Complaint and the Affidavit of Ryan Shim, unless Defendant is enjoined from converting SUNTRUST's property to his own use, and unless Defendant is enjoined from soliciting SUNTRUST's clients and employees, SUNTRUST will be irreparably harmed by:

a)      Disclosure of trade secrets, customer lists, and other confidential information which are solely the property of SUNTRUST and its clients;

b)      Loss of confidentiality of clients' records and financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation;

c)      Loss of employees, damage to legitimate business interests, office stability and a threat to the enforcement of reasonable contracts; and

d)      Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

8.      SUNTRUST has no adequate remedy at law.

9.      In *Blumenthal v. Merrill Lynch*, the United States Court of Appeals for the Second Circuit held:

> Arbitration can become a "hollow formality" if parties are able to alter irreversibly the status quo before the arbitrators are able to render a decision in the dispute.... A district court must ensure that the parties get what they bargained for - a meaningful arbitration of the dispute.

902 F.2d 1049, 1052 (2d Cir. 1990).

10.     SUNTRUST respectfully requests that injunctive relief be entered as expeditiously as possible to prevent further solicitation of SUNTRUST's clients and employees pending ultimate resolution before the FINRA in accordance with the FINRA Code of Arbitration Procedure.

11.     Immediate injunctive relief is necessary to prevent further violations by JARRETT. Defendant has already achieved a significant premeditated and deliberate unfair advantage in soliciting clients and employees in willful violation of his contractual obligations to SUNTRUST. SUNTRUST should not be further delayed in the granting of a temporary restraining order by the scheduling of a hearing on its request for immediate temporary injunctive relief. The harm being inflicted each day by Defendant's deliberate solicitation of SUNTRUST's client base is so imminent and irreversible that a hearing is not practical.

12.     Defendant will not be prejudiced by the entry of a temporary restraining order as Defendant may subsequently move to dissolve the injunction pursuant to Rule 65. On the other

hand, if immediate injunctive relief is not entered in favor of SUNTRUST, SUNTRUST will be prejudiced as Defendant will continue to solicit SUNTRUST's clients and employees, thereby irreparably harming SUNTRUST and deliberately destroying the parties' status quo before injunctive relief can be granted.

13.     Defendant's only "defenses" -- to cause delay or abstention by the Court -- have been consistently rejected by Courts in Florida and elsewhere. SUNTRUST specifically and urgently submits that immediate injunctive relief is the only means by which the Court can properly do equity, prevent Defendant's premeditated scheme to inflict irreparable harm, and Defendant's attempts to capitalize upon his calculated misdeeds in knowing violation of Florida contract law, statutory obligations (Fla. Stat §812.081, §542.335, and §688.002 *et seq.*) and common law duties. There is no doubt that agreements such as those entered into by Defendant are consistently enforced by Florida courts. *See* sampling of recent Orders Granting Emergency Injunctive Relief under identical contract provisions annexed hereto as Exhibit "A".

14.     SUNTRUST is ready and willing to hold a hearing at the Court's very earliest convenience, but, in the interim, SUNTRUST respectfully submits that a Temporary Restraining Order *should be issued immediately* in order to prevent further harm pending such hearings and because it is true, as the Court stated in *Merrill Lynch v. Hagerty*, that "relief delayed is relief denied" in cases of this kind. See, Hagerty, 808 F. Supp. at 1558.

WHEREFORE, SUNTRUST respectfully prays that this Court ORDER and DECREE that:

(1)     JARRETT be immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendants' new employer, Wachovia Securities, LLC., until hearing and thereafter until further Order of this Court from doing the following:

a)      Soliciting, re-soliciting or otherwise initiating any further contact or communication with any client of SUNTRUST whom Defendant served or whose name became known to Defendant while in the employ of SUNTRUST for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from SUNTRUST (excluding Defendant's family and relatives);

b)      Soliciting, re-soliciting or encouraging any employees of SUNTRUST to terminate their relationship with SUNTRUST;

c)      Using, disclosing, or transmitting for any purpose, including solicitation or re-solicitation of said clients, the information contained in the records of SUNTRUST or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients;

d)      Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Defendant's possession or control which were obtained from or contain information derived from any SUNTRUST records, which pertain to SUNTRUST clients whom Defendant served or whose names became known to Defendant while employed by SUNTRUST, or which relate to any of the events alleged in the Complaint in this action;

e)      Returning all original records and customer information, together with all copies and/or reproductions thereof, in whatever form, to SUNTRUST's undersigned counsel within twenty-four (24) hours after service of the Court's Order upon Defendant or his counsel; and,

(f)   Requiring JARRETT to provide to SUNTRUST, within forty-eight (48) hours after service of the Court's Order upon Defendant or his counsel, a list of all SUNTRUST customers and/or employees whom JARRETT had contact with, whether by mail, email, phone, in person or otherwise, from the time of his resignation through the date of the Court's Order.

(2)   JARRETT , and anyone acting in concert or participation with him, specifically including Defendant's counsel and any agent, employee, officer or representative of Wachovia Securities, Inc. should be further ordered to return to SUNTRUST's undersigned counsel any and all records, documents and/or information pertaining to SUNTRUST customers whether in original, copied, computerized, handwritten or any other form, and to purge any and all such information from their possession, custody or control within 24 hours of notice to Defendants or their counsel of the terms of the Order, provided, however, that any information so purged shall be printed prior to purging and be returned to SUNTRUST.

(3)   The Court's Order remain in full force and effect until such time as either an NASD arbitration panel renders a final decision on SUNTRUST's request for permanent injunctive relief or this Court specifically orders otherwise; and

(4)   The parties be directed to proceed expeditiously with an arbitration pursuant to Rule 13804 of the FINRA Code of Arbitration Procedure.                     Respectfully submitted:

WEISMAN, BRODIE, STARR & MARGOLIES, P.A.
Attorneys for SUNTRUST
1301 N. Federal Highway
Lake Worth, Florida  33460
Telephone:  (561) 588-9500
Facsimile:  (561) 588-9550
Email: dbrodie@yourfloridacounsel.com

By:_____
        David H. Brodie
        Florida Bar No. 813168

## *FEDERAL RULE 65 CERTIFICATION*

I HEREBY CERTIFY that in accordance with Rule 65, Fed.R.Civ.P., notice of this Motion has been given to Defendant by e-mailing a copy of all pleadings filed with this Court to his designated counsel, Craig Stein, Esq., cdstein@srwlaw.com, and that personal service of process on JARRETT will also be attempted immediately upon issuance of the Summons by the Clerk of Court, however, further notice and delay should not be afforded Defendant prior to entering Injunctive Relief for the reasons set forth herein and in the sworn Affidavit of Ryan Shim.

> WEISMAN, BRODIE, STARR & MARGOLIES, P.A.
> Attorneys for SUNTRUST
> 1301 N. Federal Highway
> Lake Worth, Florida 33460
> Telephone: (561) 588-9500
> Facsimile: (561) 588-9550
> Email: dbrodie@yourfloridacounsel.com
>
> By:_____
> David H. Brodie
> Florida Bar No. 813168

EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNTRUST INVESTMENT SERVICES, INC.,

    Plaintiff,

v.                                                           Case No. 8:08-cv-296-T-23TBM

DENISE SPRINGER,

    Defendant.

_____/

## O R D E R

    Suntrust Investment Services, Inc., ("Suntrust") moves (Doc. 2) for a temporary restraining order ("TRO motion") against the defendant, Denise Springer, a former employee of Suntrust. Suntrust supports the motion with a complaint (Doc. 1), a supporting memorandum (Doc. 3), the affidavits of Michael J. Fetzer (Doc. 5) and Kim Drumgool (Doc. 6), and an attorney certification (Doc. 2 at 9) of why notice should not be given pursuant to Rule 65(b), Federal Rules of Civil Procedure. Suntrust alleges that while employed by Suntrust as a financial advisor, the defendant executed a "Nonsolicitation and Confidentiality Agreement." (Doc. 1, Ex. A; Doc. 5 at ¶ 3) The agreement prohibits the defendant's solicitation of Suntrust customers for one year following the defendant's separation from Suntrust. (Doc. 1, Ex. A) Suntrust alleges that the defendant has violated the terms of the agreement by soliciting Suntrust customers on behalf of her new employer, a competitor of Suntrust. (Doc. 1, ¶ 11)

To establish entitlement to the requested relief, Suntrust must show (1) a substantial likelihood of success on the merits, (2) an irreparable injury in the absence of the injunction, (3) a threatened injury that exceeds any injury to the defendant caused by the injunction, and (4) the absence of a material adverse consequence to the public. See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). Suntrust's submissions show a substantial likelihood of success on its claim that the defendant's use of Suntrust's customer information violates sections 542.335 and 688.003, Florida Statutes. Suntrust's submissions show that an immediate, irreparable injury and loss will result from the defendant's solicitation of Suntrust customers and use of Suntrust customers' personal financial account information. If the defendant's conduct continues, Suntrust will suffer an immeasurable loss of business and a breach of the confidentiality of its customers' personal financial information. Monetary damages cannot adequately compensate Suntrust for this harm, which exceeds any injury to the defendant. The public will not suffer a material adverse consequence. Accordingly, the TRO Motion (Doc. 2) is **GRANTED** and it is **ADJUDGED** that:

1.  The defendant, her agents, servants, employees, officers, directors, licensees, representatives, and all other persons acting in concert with the defendant are enjoined from:

    a.  soliciting any customer of Suntrust, whom the defendant served or whose name became known to the defendant while in the employ of Suntrust, for the purpose of inviting, encouraging, or requesting

the transfer of any accounts or business patronage from Suntrust, with the exception of the defendant's family and relatives;

b.   using, disclosing, or transmitting for any purpose, including solicitation, information contained in the records of Suntrust or information concerning its customers, including, but not limited to, the names, addresses, and financial information of customers; and

c.   destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in the defendant's possession or control, which were obtained from or contain information derived from any Suntrust records, which pertain to Suntrust customers whom the defendant served or whose names became known to the defendant while employed by Suntrust, or which relate to any of the events alleged in the complaint.

3.   As a condition of this injunction, Suntrust shall post a cash or surety bond in the amount of $10,000 in a form acceptable to and approved by the Clerk.

4.   Suntrust's counsel is directed to immediately serve the defendant with a copy of this order.

5.   This order shall remain in full force and effect for ten (10) days from the posting of the bond or unless otherwise ordered.

- 3 -

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), the plaintiff's motion for a preliminary injunction (Doc. 2) is **REFERRED** to United States Magistrate Judge Thomas B. McCoun III to conduct proceedings, including evidentiary hearings, as the Magistrate Judge deems necessary to make a report and recommendation on the motion. The report and recommendation shall include proposed findings of fact and conclusions of law.

ORDERED in Tampa, Florida, on February 12, 2008, at 3:40 p.m.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:      U.S. Magistrate Judge

-  4  -

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

SUNTRUST SECURITIES, INC.,
a Georgia corporation,

CASE NO.: 05-05295 CA 20

      Plaintiff,

vs.

ROBERT A. EPSTEIN and
WACHOVIA SECURITIES, LLC.,
a Delaware limited liability company,

      Defendants.

_____/

## TEMPORARY INJUNCTION
### ("TRO")

THIS CAUSE having come before the Court, without notice, on Plaintiff, SUNTRUST

SECURITIES, INC., a Georgia corporation ("SunTrust") EMERGENCY MOTION FOR

TEMPORARY RESTRAINING ORDER/INJUNCTION WITHOUT NOTICE AND SUPPORTING

MEMORANDUM OF LAW against Defendants, ROBERT EPSTEIN ("Epstein") and

WACHOVIA SECURITIES, LLC. ("Wachovia"). The Court has reviewed the Motion and the

Complaint, and is otherwise duly informed in the premises. The Court finds:

    1.  SunTrust has met the requirements of Fla. R. Civ. P. 1.610 and Florida law for the

imposition of a temporary injunction without notice.

    2.  SunTrust will suffer immediate and irreparable injury, loss and damage to which there is

no adequate remedy at law because Epstein, as an employee of Wachovia, has begun to solicit

SunTrust customers in violation of his Non Solicitation and Confidentiality Agreement ("Non-

Complete Agreement"). Therefore the entry of a Temporary Injunction without notice is appropriate

Temporary Injunction
CASE NO.: 05-05295 CA 20
Page - 2 -

in these circumstances.

3. SunTrust has a clear and legal right to the relief requested based on its claim for the entry of a TRO thereby preserving the status quo and preventing any further irreparable injury, loss and damage.

4. The "Non-Compete Agreement" specifically provides that SunTrust shall not be required to post a surety bond should it be necessary for SunTrust to seek equitable relief in order to enforce such agreement.

It is thereupon:

**ORDERED AND ADJUDGED** as follows:

1.      The Motion is GRANTED.

2.      Robert Epstein is enjoined and restrained from in any way violating the Non Compete Agreement, the terms of which are incorporated herein as if set forth verbatim.

3.      Robert Epstein and Wachovia Securities LLC shall forthwith (within five days of the date of the service of this Order) return to SunTrust any and all documents, materials, customer information and anything that would fall within the definition of Protected Information as defined in the Non Compete Agreement. This includes any copies of such documents which may have been made by either Epstein or Wachovia.

4.      Robert Epstein and Wachovia Securities LLC shall forthwith (within ~~twenty~~ five days of the date of the service of this Order) provide SunTrust with a list of all SunTrust customers which have been contacted by Robert Epstein since the commencement of his employment with Wachovia Securities LLC to the date of this Order.

Temporary Injunction
CASE NO.: 05-05295 CA 20
Page - 3 -

5.      Robert Epstein and Wachovia Securities LLC are hereby restrained and enjoined

from in any way accepting the accounts of SunTrust customers which have been solicited by Epstein

in violation of the Non Compete Agreement.

6.      This TRO is effective as of the date hereof. No surety bond is required. It shall

remain in effect until further order of this Court.

7.      Robert Epstein and Wachovia Securities, LLC shall be entitled to a hearing on any

motion to modify or vacate this TRO (which they may deem advisable to file) upon short notice

**DONE AND ORDERED** in Chambers at MIAMI-DADE County, Florida, this ____ day of

March, 2005.

MAR 15 2005

RONALD C. DRESNICK
CIRCUIT COURT JUDGE

Copies Furnished to:
Richard H. Bergman, Esq.
Wachovia Securities LLC
Robert Epstein

IN THE SUPERIOR COURT OF BIBB COUNTY   FILED
STATE OF GEORGIA

OCT -6 200.

| | |
|---|---|
| SUNTRUST INVESTMENT SERVICES,<br>INC. and SUNTRUST BANK,<br><br>Plaintiffs,<br><br>v.<br><br>RICK H. BONFIM, JEFFREY M.<br>RUTLEDGE, and WACHOVIA<br>SECURITIES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action File No. 06CV 45771

## ORDER

This matter having come before the Court for hearing, after notice to all parties, and the Court having considered the pleadings of record and arguments of counsel, and evidence presented at the hearing, it is hereby ORDERED that Defendants Rick H. Bonfim, Jeffrey M. Rutledge, Wachovia Securities, LLC, and those acting in concert with them, are hereby restrained and enjoined from:

      (a)     Soliciting Customers or Potential Customers (as defined in the Agreements of the parties) with whom Defendants Bonfim or Rutledge had Material Contact in violation of their Agreements with SunTrust;

      (b)     Soliciting SunTrust employees to leave SunTrust employment;

      (c)     Copying, disclosing, transmitting, reviewing, using, distributing, relying on or referring to any documents or parts thereof contained in the records of SunTrust, including but not limited to any:  customer list (or other documents identifying the name, address, telephone number, financial

information, trading activities, net worth, income investment or history of a customer of SunTrust), prospecting list, account transfer forms, new account forms or other documents, materials or information that discuss, reference, summarize, identify or relate to the records of SunTrust. (All such original records and all copies thereof and extracts therefrom shall be returned to SunTrust immediately. If such information is not in a form which is readily returnable, it shall be deleted or otherwise destroyed by Defendants.)

(d)     As to customers whom defendants Bonfim or Rutledge have solicited in violation of their contractual commitments to SunTrust, Defendants may process any ACAT forms received from such customers, but are prohibited from contacting such customers to procure additional customer requests for transfer.

(e)     Should Defendants be contacted by a "Customer" or "Potential Customer" as defined in the Agreement, who:

    (1)     was previously solicited by Defendants;

    (2)     is responding to that solicitation; and

    (3)     has not already made a decision to transfer his or her account as reflected by signing an ACAT form;

then Defendants shall apprise the Customer or Potential Customer of this injunction and that they are prohibited from further solicitation. Defendants may inform these Customers and Potential Customers that if they wish to transfer accounts to Wachovia, they should notify SunTrust of

that desire by calling W. Stephens Lamb, Jr., CTFA, First Vice President, Senior Trust Advisor at 478-755-5105 or Christopher M. Durham, CFTA, Vice President at 478-755-5163, and SunTrust will provide the form needed to effect the transfer.

(f)   Defendants shall produce to Plaintiffs a list of phone, email, mail, personal, and other contacts made to Customers and Potential Customers since Monday, September 24, 2006, in order that the parties may fairly assess whether a contact falls within subpart (e) above.

(g)   Nothing herein is intended to require either firm to violate IM 2110-7, and all written requests to transfer accounts should be honored.

(h)   Defendants shall return to SunTrust all materials, data and information, in whatever form, created at SunTrust, that relates to SunTrust's customers, in their possession.

This Order shall expire upon reversal, vacation, or amendment pursuant to an NASD proceeding, or further order of this Court.

This 6th day of October, 2006. *nunc pro tunc to 5 October 06.*

Bryant Culpepper, Judge
Superior Court of Bibb County
State of Georgia

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. *8 06 cv 1951-T2 6mSS*

MORGAN STANLEY DW INC. f/k/a DEAN
WITTER REYNOLDS, INC., a Delaware corporation,

        Plaintiff,

vs.

JEREMY T. ST. CROIX, individually,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION
## FOR A TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court upon Plaintiff's, **MORGAN STANLEY DW, INC. f/k/a
DEAN WITTER REYNOLDS, INC. ("MORGAN STANLEY")** Emergency Motion for a
Temporary Restraining Order and Preliminary Injunction. Upon due and careful consideration of
the Complaint, the Emergency Motion for a Temporary Restraining Order and Preliminary
Injunction, the supporting Affidavit, and Plaintiff's Memorandum and Supplemental Memorandum
in Support of Emergency Motion, and being otherwise advised in the premises, the Court does
hereby find as follows:

1.     The Court has diversity jurisdiction to hear this case. Though the Plaintiff is seeking
injunctive relief, the monetary value of the object of the litigation from the Plaintiff's perspective
are the commissions Defendant earned from servicing Plaintiff's clients. This amount is more than
$75,000 for the past year. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11ᵗʰ Cir. 2000); *see*
¶5 of the Affidavit of James T. McCormick, Jr. In addition, as for personal jurisdiction, the
Defendant has been employed by Plaintiff within the Middle District of Florida.

2.     Under Section 10335 of the National Association of Securities Dealers Code of
Arbitration Procedure, and the authority of the holding in *American Express Financial Advisors v.*

*Makarawicz*, 122 F.3d 936 (11th Cir. 1997), **MORGAN STANLEY** has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

3.      There is cause to believe that the rights of **MORGAN STANLEY** with respect to its property, proprietary and confidential information, competitive interests, and employment contract with Defendant **JEREMY T. ST. CROIX** ("ST. CROIX") is being and may continue to be violated by Defendant unless said Defendant is restrained in the manner set forth herein.

4.      Plaintiff **MORGAN STANLEY** will suffer irreparable harm and loss if **ST. CROIX** is permitted to: (a) convert property of **MORGAN STANLEY** to his own personal use and benefit, and that of his new employer, **H&R BLOCK FINANCIAL ADVISORS, INC.**, (b) solicit **MORGAN STANLEY** clients to transfer their business to a competitor firm and, (c) solicit **MORGAN STANLEY** employees to change their employment to a competitor firm if Defendant is not immediately enjoined without further notice or hearing.

5.      Plaintiff **MORGAN STANLEY** has no adequate remedy at law.

6.      Greater injury will be inflicted upon Plaintiff **MORGAN STANLEY** by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

ORDERED AND DECREED THAT:

1.      Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED** and is effective as of ₂ ₚ .m. this 23 day of *October* 2006. Plaintiff shall post security with the Clerk of this Court in the amount of $10,000.00 no later than the 24 day of *October* 2006.

2.      **ST. CROIX** be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of

2

H&R BLOCK FINANCIAL ADVISORS, INC., until hearing and thereafter until further Order of this Court, from doing any of the following:

     (a)    soliciting or otherwise initiating any further contract or communication with any client of MORGAN STANLEY whom ST. CROIX served or whose name became known to ST. CROIX while in the employ of MORGAN STANLEY, for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from MORGAN STANLEY with the exception of ST. CROIX's family and relatives;

     (b)    soliciting or otherwise initiating any further contact or communication with any client of MORGAN STANLEY whose records or information ST. CROIX used in violation of his Employment Agreements. This specifically includes any client whom ST. CROIX may have contacted by mail, phone or otherwise through the use of any information obtained by ST. CROIX while in the employ of MORGAN STANLEY, with the exception of ST. CROIX's family and relatives;

     (c)    Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of MORGAN STANLEY or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

     (d)    Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in ST. CROIX's possession or control which were obtained from or contain information derived from any MORGAN STANLEY records, which pertain to MORGAN STANLEY clients whom ST. CROIX served or whose names became

known to Defendant while employed by MORGAN STANLEY, or which relate to any of the events alleged in the Complaint in this action.

      3.     ST. CROIX, and anyone acting in concert or participation with ST. CROIX, specifically including ST. CROIX's counsel and any agent, employee, officer or representative of H&R BLOCK FINANCIAL ADVISORS, INC., are further ordered to return to MORGAN STANLEY's Florida counsel any and all records, documents and/or other types of information pertaining to MORGAN STANLEY customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to ST. CROIX or his counsel of the terms of this Order.

      4.     Any and all Customer Information within the possession, custody or control of ST. CROIX that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a MORGAN STANLEY representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. ST. CROIX and anyone acting in concert with ST. CROIX, is precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to MORGAN STANLEY pursuant to paragraph 3 above.

      5.     In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until __2 ᴘ__ .m. _November 2_, 2006, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

4

6.      Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

7.      This Temporary Restraining Order is entered this _2 3_ day of _Cerober_, 2006 at _2 1_.m., in Chambers in _Tampa_, Florida and shall expire as set forth in Paragraph 5, above, unless extended by such further Order of this Court.

DONE AND ORDERED at _Tampa_, Florida, this _2 3_ day of _Cerber_, 2006.


UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MORGAN STANLEY DW INC. f/k/a DEAN
WITTER REYNOLDS, INC., a Delaware
corporation,

      Plaintiff,

v.

DAVID K. BARCZA, individually,

      Defendant.

_____/

Case No. 8:06-cv-337-T-30EAJ

## ORDER

THIS CAUSE comes before the Court upon Defendant's Emergency Motion for a

Temporary Restraining Order and Preliminary Injunction (Dkt. 2). Upon due and careful

consideration of the Complaint, the Emergency Motion for a Temporary Restraining Order

and Preliminary Injunction, supporting Affidavit, and Plaintiff's Memorandum and

Supplemental Memorandum in Support of Emergency Motion, the Court does hereby find

as follow:

1. Under Section 10335 of the National Association of Securities Dealers Code of

Arbitration Procedure, and the authority of the holding in *American Express Financial

Advisors v. Makarawicz*, 122 F.3d 936 (11th Cir. 1997), **MORGAN STANLEY** has the

express right to seek and obtain temporary injunctive relief from a court of competent

jurisdiction pending an arbitration hearing.

2.      There is cause to believe that the rights of **MORGAN STANLEY** with respect to its property, proprietary and confidential information, competitive interests, and employment contract with Defendant **DAVID K. BARCZA** ("**BARCZA**") is being and may continue to be violated by Defendant unless said Defendant is restrained in the manner set forth herein.

3.      Plaintiff **MORGAN STANLEY** will suffer irreparable harm and loss if **BARCZA** is permitted to: (a) convert property of **MORGAN STANLEY** to his own personal use and benefit, and that of his new employer, **OPPENHEIMER & CO., INC.,** ("**OPPENHEIMER**"), and (b) solicit **MORGAN STANLEY** clients to transfer their business to a competitor firm and if Defendant is not immediately enjoined without further notice or hearing.

4.      Plaintiff **MORGAN STANLEY** has no adequate remedy at law.

5.      Greater injury will be inflicted upon Plaintiff **MORGAN STANLEY** by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

**ORDERED** AND **ADJUDGED** THAT:

1.      Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED** and is **effective as of 12:00 p.m. this 3rd day of March, 2006.** Plaintiff shall post security

with the Clerk of this Court in the amount of **$10,000.00** no later than MONDAY, MARCH 6, 2006.

2.     **BARCZA** be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of **OPPENHEIMER**, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a)     soliciting or otherwise initiating any further contract or communication with any client of **MORGAN STANLEY** whom **BARCZA** served or whose name became known to **BARCZA** while in the employ of **MORGAN STANLEY**, for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from **MORGAN STANLEY**;

(b)     soliciting or otherwise initiating any further contact or communication with any client of **MORGAN STANLEY** whose records or information **BARCZA** used in violation of his Employment Agreement.  This specifically includes any client whom **BARCZA** may have contacted by mail, phone or otherwise through the use of any information obtained by **BARCZA** while in the employ of **MORGAN STANLEY** (excluding **BARCZA's** family and relatives);

(c)     Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of **MORGAN STANLEY** or

concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

       (d)       Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in **BARCZA's** possession or control which were obtained from or contain information derived from any **MORGAN STANLEY** records, which pertain to **MORGAN STANLEY** clients whom **BARCZA** served or whose names became known to Defendant while employed by **MORGAN STANLEY**, or which relate to any of the events alleged in the Complaint in this action.

     3.      **BARCZA**, and anyone acting in concert or participation with **BARCZA**, specifically including **BARCZA's** counsel and any agent, employee, officer or representative of **OPPENHEIMER**, are further ordered to return to **MORGAN STANLEY's** Florida counsel any and all records, documents and/or other types of information pertaining to **MORGAN STANLEY** customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to **BARCZA** or his counsel of the terms of this Order.

     4.      Any and all Customer Information within the possession, custody or control of **BARCZA** that is contained in any computerized form, including on computer software,

disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a **MORGAN STANLEY** representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. **BARCZA** and anyone acting in concert with **BARCZA**, is precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to **MORGAN STANLEY** pursuant to paragraph 3 above.

5.    In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until **MARCH 13, 2006**, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6.    Plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7.    Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

8.    This Temporary Restraining Order is entered this 3rd day of March, 2006, at 12:00 p.m., in Chambers in Tampa, Florida and shall expire as set forth in Paragraph 5, above, unless extended by such further Order of this Court.

**DONE** and **ORDERED** in Tampa, Florida on March 3, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Odd\2006\06-cv-337 - Emergency Motion for TRO.frm

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8-05-cv-1029-T-30TBM

MORGAN STANLEY DW INC. f/k/a DEAN
WITTER REYNOLDS, INC., a Delaware
corporation,

        Plaintiff,

vs.

GREGORY FIEGER, individually,

        Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION
### FOR A TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court upon Plaintiff's, **MORGAN STANLEY DW, INC. f/k/a**

**DEAN WITTER REYNOLDS, INC. ("MORGAN STANLEY")** Emergency Motion for a Temporary

Restraining Order and Preliminary Injunction. Upon due and careful consideration of the Complaint, the

Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, the supporting

Affidavit, and Plaintiff's Memorandum and Supplemental Memorandum in Support of Emergency

Motion and being otherwise advised in the premises, the Court does hereby find as follows:

    1.    Under Section 10335 of the National Association of Securities Dealers Code of

Arbitration Procedure, and the authority of the holding in *American Express Financial Advisors v.*

*Makarawicz*, 122 F.3d 936 (11th Cir. 1997), **MORGAN STANLEY** has the express right to seek and

obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

    2.    There is cause to believe that the rights of **MORGAN STANLEY** with respect to its

property, proprietary and confidential information, competitive interests, and employment contract with

Defendant **GREGORY FIEGER** ("**FIEGER**") is being and may continue to be violated by Defendant unless said Defendant is restrained in the manner set forth herein.

3.       Plaintiff **MORGAN STANLEY** will suffer irreparable harm and loss if **FIEGER** is permitted to: (a) convert property of **MORGAN STANLEY** to his own personal use and benefit, and that of his new employer, **SMITH BARNEY**, and (b) solicit **MORGAN STANLEY** clients to transfer their business to a competitor firm and if Defendant is not immediately enjoined without further notice or hearing.

4.       Plaintiff **MORGAN STANLEY** has no adequate remedy at law.

5.       Greater injury will be inflicted upon Plaintiff **MORGAN STANLEY** by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

**ORDERED** AND **ADJUDGED** THAT:

1.       Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED** and is effective as of this 2nd day of June, 2005. Plaintiff shall post security with the Clerk of this Court in the amount of **$10,000.00** no later than the **3rd** day of **June, 2005**.

2.       **FIEGER** be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of **SMITH BARNEY**, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a)       soliciting or otherwise initiating any further contract or communication with any client of **MORGAN STANLEY** whom **FIEGER** served or whose name became known to **FIEGER** while in the employ of **MORGAN STANLEY**, for the purpose of advising said clients of his new

2

affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from **MORGAN STANLEY**;

(b)      soliciting or otherwise initiating any further contact or communication with any client of **MORGAN STANLEY** whose records or information **FIEGER** used in violation of his Employment Agreement. This specifically includes any client whom **FIEGER** may have contacted by mail, phone or otherwise through the use of any information obtained by **FIEGER** while in the employ of **MORGAN STANLEY** (excluding **FIEGER's** family and relatives);

(c)      Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of **MORGAN STANLEY** or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

(d)      Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in **FIEGER's** possession or control which were obtained from or contain information derived from any **MORGAN STANLEY** records, which pertain to **MORGAN STANLEY** clients whom **FIEGER** served or whose names became known to Defendant while employed by **MORGAN STANLEY**, or which relate to any of the events alleged in the Complaint in this action.

3.      **FIEGER**, and anyone acting in concert or participation with **FIEGER**, specifically including **FIEGER's** counsel and any agent, employee, officer or representative of **SMITH BARNEY**, are further ordered to return to **MORGAN STANLEY's** Florida counsel any and all records, documents and/or other types of information pertaining to **MORGAN STANLEY** customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software,

3

disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to **FIEGER** or his counsel of the terms of this Order.

4.     Any and all Customer Information within the possession, custody or control of **FIEGER** that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a **MORGAN STANLEY** representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer.  **FIEGER** and anyone acting in concert with **FIEGER,** is precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to **MORGAN STANLEY** pursuant to paragraph 3 above.

5.     In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until June 10, 2005, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6.     Plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7.     Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

4

8.    This Temporary Restraining Order is entered this 2nd day of June, 2005 at 2:30 p.m., in

Chambers in Tampa, Florida and shall expire as set forth in Paragraph 5, above, unless extended by such

further Order of this Court.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2005.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1029 Temporary Restraining Order Financial Broker.wpd

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:05-cv-1229-T-23MSS

MORGAN STANLEY DW INC. f/k/a DEAN
WITTER REYNOLDS, INC., a Delaware
corporation,

        Plaintiff,

vs.

ELIZABETH H. HOWARTH, individually, and
JOY H. TAPPER, individually,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION
## FOR A TEMPORARY RESTRAINING ORDER

The plaintiff, **MORGAN STANLEY DW, INC. f/k/a DEAN WITTER REYNOLDS, INC. ("MORGAN STANLEY")**, files an emergency motion (Doc. 2) for a temporary restraining order and preliminary injunction. Upon consideration of the complaint (Doc. 1), the emergency motion (Doc. 2) for a temporary restraining order and preliminary injunction, the supporting affidavit (Doc. 7), the plaintiff's memorandum (Doc. 4) and supplemental memorandum (Doc. 5) in support of the emergency motion and the defendant's "summary memorandum in opposition to the plaintiff's request for a temporary restraining order and a preliminary injunction" (Doc. 10), the Court finds MORGAN STANLEY alleges facts sufficient to show a likelihood that:

1.    The rights of **MORGAN STANLEY** with respect to its property, proprietary and confidential information, competitive interests, and employment contracts with defendants **ELIZABETH H. HOWARTH ("HOWARTH")** and **JOY H. TAPPER ("TAPPER")** are being and may continue to be violated by the defendants unless the defendants are restrained.

2.     **MORGAN STANLEY** will suffer irreparable harm and loss if **HOWARTH**
and **TAPPER** are permitted to: (a) convert property of **MORGAN STANLEY** to their own
personal use and benefit, and that of their new employer, **MERRILL LYNCH**, and (b) solicit
**MORGAN STANLEY** clients to transfer their business to a competitor firm and if the
defendants are not immediately enjoined without further notice or hearing.

3.     **MORGAN STANLEY** has no adequate remedy at law.

4.     Greater injury will be inflicted upon **MORGAN STANLEY** by the denial of
temporary injunctive relief than would be inflicted upon the defendants by the granting of such
relief.

Accordingly:

1.     The plaintiff's emergency motion for temporary restraining order is **GRANTED**
and is effective as of the date and time indicated at the end of this order.  The plaintiff shall post
security with the Clerk of this Court in the amount of $20,000.00 **on or before July 8, 2005.**

2.     **HOWARTH and TAPPER** be immediately enjoined and restrained, directly
and indirectly, whether alone or in concert with others, including any officer, agent, employee,
or representative of **MERRILL LYNCH**, until hearing and thereafter until further order of this
Court, from doing any of the following:

(a)     Soliciting or otherwise initiating any further contract or communication
with any client of **MORGAN STANLEY** whom **HOWARTH and TAPPER** served or whose
name became known to **HOWARTH and TAPPER** while in the employ of **MORGAN
STANLEY**, for the purpose of advising said clients of their new affiliation or for the purpose
of inviting, encouraging or requesting the transfer of any accounts or business patronage from
**MORGAN STANLEY** (excluding **HOWARTH and TAPPER's** family and relatives and any

2

customers serviced by **HOWARTH** and **TAPPER** as Series 7 registered representatives prior to their respective employment at **MORGAN STANLEY**),

(b)     Soliciting or otherwise initiating any further contact or communication with any client of **MORGAN STANLEY** whose records or information **HOWARTH** and **TAPPER** used in violation of their Employment Agreement. This specifically includes any client whom **HOWARTH** and **TAPPER** may have contacted by mail, phone or otherwise through the use of any information obtained by **HOWARTH** and **TAPPER** while in the employ of **MORGAN STANLEY** (excluding **HOWARTH** and **TAPPER's** family and relatives and any customers serviced by **HOWARTH** and **TAPPER** as Series 7 registered representatives prior to their respective employment at **MORGAN STANLEY**),

(c)     Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of **MORGAN STANLEY** or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

(d)     Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in **HOWARTH** and **TAPPER's** possession or control which were obtained from or contain information derived from any **MORGAN STANLEY** records, which pertain to **MORGAN STANLEY** clients whom **HOWARTH** and **TAPPER** served or whose names became known to the defendants while employed by **MORGAN STANLEY**, or which relate to any of the events alleged in the complaint in this action.

3.      HOWARTH and TAPPER, and anyone acting in concert or participation with HOWARTH and TAPPER, specifically including HOWARTH and TAPPER's counsel and any agent, employee, officer or representative of MERRILL LYNCH, are further ordered to return to MORGAN STANLEY's Florida counsel any records, documents or other types of information pertaining to MORGAN STANLEY customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to HOWARTH and TAPPER or their counsel of the terms of this order.

4.      Any Customer Information within the possession, custody or control of HOWARTH and TAPPER that is contained in any computerized form, including on computer software, disks, computer hard drive, or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a MORGAN STANLEY representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. HOWARTH and TAPPER and anyone acting in concert with HOWARTH and TAPPER, are precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to MORGAN STANLEY pursuant to paragraph 3 above.

5.      In accordance with Rule 65(b). F.R.Civ.P., this order shall remain in full force and effect for ten (10) days, at which time it shall expire by its terms unless extended by this

4

Court upon good cause shown. by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.[1]

6.     The plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7.     Pending a preliminary injunction hearing, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act. 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

8.     This temporary restraining order shall expire as set forth in Paragraph 5, above. unless extended by order of this Court.

A hearing on the motion (Doc. 2) for a preliminary injunction is scheduled for **Friday, July 8 at 1:30 p.m.** before the Honorable Steven D. Merryday in Courtroom 15A, United States Courthouse. 801 North Florida Avenue, Tampa, Florida, 33602

ORDERED in Tampa, Florida, on ____July 1st____ . 2005 at 3:30 p.m.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] The Court, in its discretion. determines that the ten-day limit on a temporary restraining order, Rule 65(b), F.R.Civ.P., applies "even to an order granted when notice has been given to the adverse party but there has been no hearing." 11A Wright, Miller & Kane. Federal Practice and Procedure Civil 2d § 2951. Notice with no opportunity for a hearing offends due process and fails to justify an indeterminate injunction. 11A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2951, 2953.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8-05-cv-1028-T-30TGW

MORGAN STANLEY DW INC. f/k/a DEAN WITTER
REYNOLDS, INC., a Delaware corporation,

        Plaintiff,

vs.

JUDY HALL, individually and JEFF EVANS,
individually.

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION
## FOR A TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court upon Plaintiff's, **MORGAN STANLEY DW, INC. f/k/a**

**DEAN WITTER REYNOLDS, INC.** ("MORGAN STANLEY") Emergency Motion for a Temporary

Restraining Order and Preliminary Injunction. Upon due and careful consideration of the Complaint,

the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, the supporting

Affidavit, and Plaintiff's Memorandum and Supplemental Memorandum in Support of Emergency

Motion and being otherwise advised in the premises, the Court does hereby find as follows:

1.    Under Section 10335 of the National Association of Securities Dealers Code of

Arbitration Procedure, and the authority of the holding in *American Express Financial Advisors v.*

*Makarawicz*, 122 F.3d 936 (11th Cir. 1997), MORGAN STANLEY has the express right to seek and

obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

2.    There is cause to believe that the rights of **MORGAN STANLEY** with respect to its

property, proprietary and confidential information, competitive interests, and employment contracts with

Defendants, **JUDY HALL and JEFF EVANS** are being and may continue to be violated by Defendants

unless said Defendants are restrained in the manner set forth herein.

3.    Plaintiff MORGAN STANLEY will suffer irreparable harm and loss if HALL and EVANS are permitted to: (a) convert property of MORGAN STANLEY to their own personal use and benefit, and that of their new employer, SMITH BARNEY, and (b) solicit MORGAN STANLEY clients to transfer their business to a competitor firm and if Defendants are not immediately enjoined without further notice or hearing.

4.    Plaintiff MORGAN STANLEY has no adequate remedy at law.

5.    Greater injury will be inflicted upon Plaintiff MORGAN STANLEY by the denial of temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

ORDERED AND DECREED THAT:

1.    Plaintiff's Emergency Motion for Temporary Restraining Order is GRANTED and is effective as of 2:20 p.m. this 2nd day of June, 2005. Plaintiff shall post security with the Clerk of this Court in the amount of $ 10,000 no later than the 3rd day of June, 2005.

2.    HALL and EVANS be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of SMITH BARNEY, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a)    soliciting or otherwise initiating any further contract or communication with any client of MORGAN STANLEY whom HALL and EVANS served or whose name became known to HALL and EVANS while in the employ of MORGAN STANLEY, for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from MORGAN STANLEY (excluding HALL and EVANS's families and relatives);

2

(b)     soliciting or otherwise initiating any further contact or communication with any client of MORGAN STANLEY whose records or information HALL and EVANS used in violation of their Employment Agreements. This specifically includes any client whom HALL and EVANS may have contacted by mail, phone or otherwise through the use of any information obtained by HALL and EVANS while in the employ of MORGAN STANLEY (excluding HALL and EVANS's family and relatives);

(c)     Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of MORGAN STANLEY or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

(d)     Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in HALL and EVANS's possession or control which were obtained from or contain information derived from any MORGAN STANLEY records, which pertain to MORGAN STANLEY clients whom HALL and EVANS served or whose names became known to Defendants while employed by MORGAN STANLEY, or which relate to any of the events alleged in the Complaint in this action.

3.     HALL and EVANS, and anyone acting in concert or participation with HALL and EVANS, specifically including HALL and EVANS counsel and any agent, employee, officer or representative of SMITH BARNEY, are further ordered to return to MORGAN STANLEY's Florida counsel any and all records, documents and/or other types of information pertaining to MORGAN STANLEY customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to HALL and EVANS or his counsel of the terms of this Order.

4.      Any and all Customer Information within the possession, custody or control of **HALL and EVANS** that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a **MORGAN STANLEY** representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. HALL and EVANS and anyone acting in concert with **HALL and EVANS**, is precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to **MORGAN STANLEY** pursuant to paragraph 3 above.

5.      In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until _5:00 P.m.  June 10_, 2005, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6.      Plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7.      Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

8.      This Temporary Restraining Order is entered this _2_ day of _June_, 2005 at _2:25 P.m._, in Chambers in _Tampa_, Florida and shall expire as set forth in Paragraph 5, above, unless extended by such further Order of this Court.

DONE AND ORDERED at _Tampa_ Florida, this _2_ day of _June_, 2005.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:05 CV1035-723-EAT

MORGAN STANLEY DW INC. f/k/a DEAN WITTER
REYNOLDS. INC., a Delaware corporation,

                    Plaintiff,

vs.

STUART SIEGEL,

                    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION
## FOR A TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court upon Plaintiff's, MORGAN STANLEY DW, INC. f/k/a

DEAN WITTER REYNOLDS, INC. ("MORGAN STANLEY") Emergency Motion for a Temporary

Restraining Order and Preliminary Injunction. Upon due and careful consideration of the Complaint,

the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, the supporting

Affidavit, and Plaintiff's Memorandum and Supplemental Memorandum in Support of Emergency

Motion and being otherwise advised in the premises, the Court does hereby find as follows:

1.       Under Section 10335 of the National Association of Securities Dealers Code of

Arbitration Procedure. and the authority of the holding in *American Express Financial Advisors v.*

*Makarawicz*, 122 F.3d 936 (11th Cir. 1997), MORGAN STANLEY has the express right to seek and

obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

2.       There is cause to believe that the rights of MORGAN STANLEY with respect to its

property, proprietary and confidential information, competitive interests, and employment contracts with

Defendant STUART SIEGEL ("SIEGEL") are being and may continue to be violated by Defendant

unless said Defendant is restrained in the manner set forth herein.

3. Plaintiff MORGAN STANLEY will suffer irreparable harm and loss if SIEGEL is permitted to: (a) convert property of MORGAN STANLEY to his own personal use and benefit, and that of his new employer, SMITH BARNEY, and (b) solicit MORGAN STANLEY clients to transfer their business to a competitor firm and if Defendant is not immediately enjoined without further notice or hearing.

4. Plaintiff MORGAN STANLEY has no adequate remedy at law.

5. Greater injury will be inflicted upon Plaintiff MORGAN STANLEY by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

ORDERED AND DECREED THAT:

1. Plaintiff's Emergency Motion for Temporary Restraining Order is GRANTED and is effective as of 2:00 p.m. this 3rd day of June, 2005. Plaintiff shall post security with the Clerk of this Court in the amount of $20,000 no later than the 6th day of June, 2005 at 12:00 noon.

2. SIEGEL be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of SMITH BARNEY, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a) soliciting or otherwise initiating any further contract or communication with any client of MORGAN STANLEY whom SIEGEL served or whose name became known to SIEGEL while in the employ of MORGAN STANLEY, for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from MORGAN STANLEY;

(b) soliciting or otherwise initiating any further contact or communication with any client of MORGAN STANLEY whose records or information SIEGEL used in violation of his Employment Agreement. This specifically includes any client whom SIEGEL may have contacted by

2

mail, phone or otherwise through the use of any information obtained by SIEGEL while in the employ of MORGAN STANLEY (excluding SIEGEL's family and relatives);

(c)     Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of MORGAN STANLEY or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

(d)     Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in SIEGEL's possession or control which were obtained from or contain information derived from any MORGAN STANLEY records, which pertain to MORGAN STANLEY clients whom SIEGEL served or whose names became known to Defendant while employed by MORGAN STANLEY, or which relate to any of the events alleged in the Complaint in this action.

3.     SIEGEL, and anyone acting in concert or participation with SIEGEL, specifically including SIEGEL counsel and any agent, employee, officer or representative of SMITH BARNEY, are further ordered to return to MORGAN STANLEY's Florida counsel any and all records, documents and/or other types of information pertaining to MORGAN STANLEY customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to SIEGEL or his counsel of the terms of this Order.

4.     Any and all Customer Information within the possession, custody or control of SIEGEL that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a MORGAN STANLEY representative.  Such Customer

3

Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. SIEGEL and anyone acting in concert with SIEGEL, is precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to MORGAN STANLEY pursuant to paragraph 3 above.

5.    In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until ~~for ten days~~ ~~m.~~ , ~~2005,~~ at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6.    Plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7.    Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

8.    This Temporary Restraining Order is entered this _3rd_ day of _June_ , 2005 at _2:00 p.m._, in Chambers in _Tampa_, Florida and shall expire as set forth in Paragraph 5, above, unless extended by such further Order of this Court.

DONE AND ORDERED at _Tampa_, Florida, this _3rd_ day of _June_, 2005.

_____
UNITED STATES DISTRICT JUDGE

4

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MORGAN STANLEY DW,
INC., f/k/a DEAN
WITTER REYNOLDS, INC.,
etc.,

       Plaintiff,

v.

CASE NO.   8:04-CV-495-T-17MSS

PATRICIA MITTMAN,
individually,

       Defendant.

_____/

ORDER

    This cause is before the Court on:

    Dkt. 2 Emergency Motion for a Temporary
         Restraining Order
    Dkt. 3 Memorandum
    Dkt. 4 Supplemental Memorandum

    This case is a complaint for injunctive relief, pending the
outcome of an arbitration held in accordance with rule 10335(g)
of the National Association of Securities Dealers Code of
Arbitration Procedure, enjoining Defendant Mittman from
soliciting any business from any client who became known to her
while employed by Plaintiff, and from using, disclosing, or
transmitting for any purpose, the customer information contained
in Plaintiff's records.  Plaintiff seeks to have Defendant return
the customer information to Plaintiff's Clearwater office.

I.  Standard of Review

    In order to prevail in a request for injunctive relief, the
following requirements must be met: 1) a substantial likelihood

Case No. 8:04-CV-495-T-17MSS

that plaintiff will prevail on the merits; 2) substantial threat
that plaintiff will suffer irreparable injury if the injunction
is not granted; 3) the threatened injury to plaintiff outweighs
the threatened harm the injunction may do to defendant; and 4)
absence of disservice to the public interest if the injunction is
granted.  See Canal Authority of State of Fla. V. Callaway, 489
F.2d 567 (5th Cir. 1974).

I.  Likelihood of Success on Merits

Defendant executed an enforceable employment agreement with
Plaintiff, which she signed as a condition of her employment.
Plaintiff has provided exhibits which support the claim that
Defendant has, at the very least, misappropriated Plaintiff's
customer lists and violated the express terms of the employment
agreement.  The employment agreement states that, in the event of
breach, Plaintiff will be entitled to an injunction to prevent
the employee's prospective or continuing breach.

The Court also notes that Plaintiff maintains a written Code
of Conduct and requires that financial advisors execute an
Account Referral/Assigned Lead Agreement acknowledging the
confidential and proprietary nature of customer information, and
which contains a covenant not to solicit assigned clients for a
period of one year.

After consideration, the Court concludes that Plaintiff has
demonstrated a likelihood of success on the merits.

2

Case No. 8:04-CV-495-T-17MSS

II.   Irreparable Injury

After consideration, the Court finds that Defendant's use of active customer lists and solicitation of customers, constitutes irreparable injury.  See Merrill Lynch v. Hagerty, 808 F.Supp. 1555 (S.D. Fla. 1992).  In addition, due to the nature of the harm, it may be impossible to determine damages, and to meet clients' expectation of continued confidentiality of their financial information, market transactions and investment assets. An injunction would discourage competitors from inducing other employees to breach their contractual commitments and divert client lists to competitors.

Plaintiff seeks to maintain the status quo through an order requiring Defendant to return all confidential customer information, refrain from further solicitation, and be prohibited from engaging in or receiving business from any customer Defendant has improperly solicited.

After consideration, the Court concludes that Plaintiff has demonstrated the presence of irreparable injury.

III.  Harm to Plaintiff Outweighs Harm to Defendant

After consideration of the pleadings and supporting documents, the Court finds that Plaintiff has demonstrated that the threatened injury to Plaintiff is greater than the threatened harm to Defendant.

3

Case No. 8:04-CV-495-T-17MSS

IV.  Public Interest

After consideration, the Court finds that the public
interest would not be disserved by the entry of this injunction,
because the injunction supports public confidence that reasonable
contracts will be enforced, and fiduciary duties respected.
Accordingly, it is

**ORDERED the Motion for Temporary Restraining order (Dkt.**
**2) is granted, and that:**

1.  Defendant is immediately enjoined and restrained,
directly or indirectly, and whether alone or in concert
with others, including any officer, agent, employee
and/or representative of Defendant's new employer,
Smith Barney, until hearing and thereafter until
further order of this Court from:

a.  soliciting or otherwise initiating any
further contact or communication with any
client of Morgan Stanley whom Defendant
served or whose name became known to
Defendant while in the employ of Morgan
Stanley for the purpose of advising said
clients of Defendant's new affiliation or
further purpose of inviting, encouraging or
requesting the transfer of any accounts or
business patronage from Morgan Stanley
(excluding Defendant's families and
relatives);

b)  using, disclosing, or transmitting for any
purpose, including solicitation of said
clients, the information contained in the
records of Morgan Stanley or concerning its
clients, including, but not limited to, the
names, addresses, and financial information
of said clients;

4

Case No. 8:04-CV-495-T-17MSS

> c) destroying, erasing, or otherwise making
> unavailable for further proceedings in this
> matter, or in any arbitration proceeding
> between the parties, any records or documents
> (including data or information maintained in
> computer media) in Defendant's possession or
> control which were obtained from or contain
> information derived from any Morgan Stanley
> records, which pertain to Morgan Stanley
> clients whom Defendant served or whose names
> became known to Defendant while employed by
> Morgan Stanley, or which relate to any of the
> events alleged in the Complaint in this
> action; and

> d) returning all original records and
> customer information, together with all
> copies and/or reproductions thereof, in
> whatever form, to Morgan Stanley's Clearwater
> office within twenty-four (24) hours after
> service of the Court's Order upon Defendant.

2) Defendant, and anyone acting in concert or
participation with Defendant, specifically including
Defendant's counsel and any agent, employee, officer or
representative of Smith Barney, are further ordered to
return to Morgan Stanley Florida counsel any and all
records, documents, and/or information pertaining to
Morgan Stanley customers whether in original, copies,
computerized, handwritten or any other form, and to
purge any and all such information from their
possession, custody or control within 24 hours of
notice to Defendant or their counsel of the terms of
this Order, provided, however, that any information so
purged shall be printed prior to purging and be
returned to Morgan Stanley pursuant to this paragraph
and consistent with paragraph (1)(d) above.

3) The Court's order remains in full force and effect until
such time as either an NASD arbitration panel renders a final
decision on Morgan Stanley's request for permanent injunctive
relief or this Court specifically orders otherwise;

5

Case No. 8:04-CV-495-T-17MSS

4) The parties are granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court; and

5) Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration act, 9 U.S.C. Secs. 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

DONE and ORDERED in Chambers, in Tampa, Florida on this 17th day of March, 2004 at 130 p.m.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MORGAN STANLEY DW, INC.,

          Plaintiff,

vs.                          Case No.  2:05-cv-436-FtM-29SPC

BILL MIHM,

          Defendant.

_____

### ORDER

      This matter comes before the Court on plaintiff's, Morgan
Stanley DW, Inc. f/k/a Dean Witter Reynolds, Inc. ("Morgan
Stanley") Emergency Motion for a Temporary Restraining Order and
Preliminary Injunction and Federal Rule 65 Certification (Doc. #2)
filed on September 14, 2005. Upon due and careful consideration of
the Complaint (Doc. #1), the Emergency Motion for a Temporary
Restraining Order and Preliminary Injunction (Doc. #2), the
supporting Affidavit (Doc. #4), and Plaintiff's Memorandum and
Supplemental Memorandum in Support of Emergency Motion (Doc. #3)
and being otherwise advised in the premises, the Court does hereby
find as follows:

      1.    Under Section 10335 of the National Association of
Securities Dealers Code of Arbitration Procedure, and the authority
of the holding in American Express Fin. Advisors v. Makarawicz, 122
F.3d 936 (11th Cir. 1997), Morgan Stanley has the express right to

seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

2.     There is cause to believe that the rights of Morgan Stanley with respect to its property, proprietary and confidential information, competitive interests, and employment contract with defendant Bill Mihm ("Mihm") is being and may continue to be violated by defendant unless said defendant is restrained in the manner set forth herein.

3.     Plaintiff Morgan Stanley will suffer irreparable harm and loss if Mihm is permitted to: (a) convert property of Morgan Stanley to his own personal use and benefit, and that of his new employer, Raymond James and Associates, Inc. ("Raymond James"), and (b) solicit Morgan Stanley clients to transfer their business to a competitor firm and if defendant is not immediately enjoined without further notice or hearing.

4.     Plaintiff Morgan Stanley has no adequate remedy at law.

5.     Greater injury will be inflicted upon plaintiff Morgan Stanley by the denial of temporary injunctive relief than would be inflicted upon defendant by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

**ORDERED AND DECREED THAT:**

1.     Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED** and is effective as of 2:30 PM this 19th day of September, 2005.  Plaintiff shall post security with the Clerk of

-2-

this Court in the amount of $10,000.00 no later than the 21st day of September, 2005.

2.   Mihm be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Raymond James, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a)   soliciting or otherwise initiating any further contract or communication with any client of Morgan Stanley whom Mihm served or whose name became known to Mihm while in the employ of Morgan Stanley, for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Morgan Stanley;

(b)   soliciting or otherwise initiating any further contact or communication with any client of Morgan Stanley whose records or information Mihm used in violation of his Employment Agreement.   This specifically includes any client whom Mihm may have contacted by mail, phone or otherwise through the use of any information obtained by Mihm while in the employ of Morgan Stanley (excluding Mihm's family and relatives);

(c)   Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of Morgan Stanley or concerning its clients,

-3-

including, but not limited to, the names, addresses, and financial information of said clients; and

(d) Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Mihm's possession or control which were obtained from or contain information derived from any Morgan Stanley records, which pertain to Morgan Stanley clients whom Mihm served or whose names became known to defendant while employed by Morgan Stanley, or which relate to any of the events alleged in the Complaint in this action.

3.     Mihm, and anyone acting in concert or participation with Mihm, specifically including Mihm's counsel and any agent, employee, officer or representative of Raymond James, are further ordered to return to Morgan Stanley' s Florida counsel any and all records, documents and/or other types of information pertaining to Morgan Stanley customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to MIHM or his counsel of the terms of this Order.

-4-

4.    Any and all Customer Information within the possession, custody or control of Mihm that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a Morgan Stanley representative.    Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer.  Mihm and anyone acting in concert with Mihm, is precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to Morgan Stanley pursuant to paragraph 3 above.

5.    In accordance with Fed. R. Civ. P. 65(b), this Order shall remain in full force and effect until 5:00 PM September 26, 2005, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6.    Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

-5-

7.    Counsel for plaintiff shall serve a copy of this Order on defendant forthwith.

8.    Counsel for the parties shall appear before the undersigned for a hearing on the motion for preliminary injunction on **Monday, September 26, 2005,** at **4:30 PM,** at the U.S. Courthouse & Federal Building, **Courtroom A, Sixth Floor,** 2110 First Street, Fort Myers, Florida.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of September, 2005.


JOHN E. STEELE
United States District Judge

-6-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MORGAN STANLEY DW INC. f/k/a DEAN
WITTER REYNOLDS, INC., a Delaware
corporation,

        Plaintiff,

vs.                                  CASE NO. 3:05-cv-589-J-25MMH

MICHAEL R. DUNCAN, individually,

        Defendant.

_____/

## TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court on Plaintiff's ("Morgan Stanley") Emergency Motion for Temporary a Restraining Order and Preliminary Injunction and Federal Rule 65 Certification (Dkt. 2). The motion seeking injunctive relief, the supporting memorandum of law, and attached exhibits support the following findings:

1.      Defendant was served copies of the Complaint with attached exhibits; Plaintiff's Emergency Motion for Temporary a Restraining Order and Preliminary Injunction and Federal Rule 65 Certification; and Plaintiff's Memorandum in support of this motion.

2.      Under Section 10335 of the National Association of Securities Dealers Code of Arbitration Procedure, and the authority of the holding in *American Express Financial Advisors v. Makarawicz*, 122 F.3d 936 (11th Cir. 1997), Morgan Stanley has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

3.      There is cause to believe that the rights of Morgan Stanley with respect to its

property, proprietary and confidential information, competitive interests, and employment contract with Defendant Michael R. Duncan ("Duncan") is being and may continue to be violated by Defendant unless said Defendant is restrained in the manner set forth herein.

4.      Morgan Stanley will suffer irreparable harm and loss if Duncan is permitted to: (a) convert property of Morgan Stanley to his own personal use and benefit, and that of his new employer, Smith Barney, and (b) solicit Morgan Stanley clients to transfer their business to a competitor firm and if Defendant is not immediately enjoined without further notice or hearing.

5.      Morgan Stanley has no adequate remedy at law.

6.      Greater injury will be inflicted upon Morgan Stanley by the denial of temporary injunctive relief than would be inflicted upon Duncan by the granting of such relief.

According, it is **ORDERED** and **ADJUDGED** that:

1.      Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED**. Morgan Stanley shall post security with the Clerk of this Court in the amount of **Five Thousand Dollars ($5,000)**, for payment of such costs and damages as may be incurred or suffered by Duncan should it be determined that he was wrongfully enjoined or restrained, no later than the 30th day of June, 2005.

2.      Duncan be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Smith Barney, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a)      soliciting or otherwise initiating any further contract or communication with any client of Morgan Stanley whom Duncan served or whose name became known to

2

Duncan while in the employ of Morgan Stanley, for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Morgan Stanley;

(b) soliciting or otherwise initiating any further contact or communication with any client of Morgan Stanley whose records or information Duncan used in violation of his Employment Agreement. This specifically includes any client whom Duncan may have contacted by mail, phone or otherwise through the use of any information obtained by Duncan while in the employ of Morgan Stanley (excluding Duncan's family and relatives);

(c) Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of Morgan Stanley or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

(d) Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Duncan's possession or control which were obtained from or contain information derived from any Morgan Stanley records, which pertain to Morgan Stanley clients whom Duncan served or whose names became known to Duncan while employed by Morgan Stanley, or which relate to any of the events alleged in the Complaint in this action.

3. Duncan, and anyone acting in concert or participation with Duncan, specifically including Duncan's counsel and any agent, employee, officer or representative of Smith Barney, are further ordered to return to Morgan Stanley's Florida counsel any and all records, documents and/or other types of information pertaining to Morgan Stanley customers ("Customer

3

Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to Duncan or his counsel of the terms of this Order.

4.      Any and all Customer Information within the possession, custody or control of Duncan that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a Morgan Stanley representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. Duncan and anyone acting in concert with Duncan, is precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to Morgan Stanley pursuant to paragraph 3 above.

5.      In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until **4.00 P.m. July 8th**, 2005, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6.      Plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7.      Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National

4

Association of Securities Dealers Code of Arbitration Procedure.

8.      A hearing on Plaintiff's Emergency Motion for Temporary a Restraining Order and Preliminary Injunction is set for July 11, 2005, at 9:30 a.m. at the United States District Court, Jacksonville, Florida, in Courtroom 10A.  The parties will have twenty (20) minutes for argument.

9.      This Temporary Restraining Order is entered this $\underline{28}$ day of $\underline{June}$, 2005 at $\underline{4.40}$ .m., in Chambers and shall expire as set forth in Paragraph 5, above, unless extended by such further Order of this Court.

**DONE AND ORDERED** this $\underline{28}$ day of June, 2005 at $\underline{4.40}$ i a.m./p.m..

**HENRY LEE ADAMS, JR.**
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

5